# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Robinson

## Case No. F-9214

By JUDGE ALFRED D. SWERSKY

February 9, 1988

This matter is before the Court on Defendant's Motions for Discovery and Inspection, for a Bill of Particulars, for production of exculpatory evidence, and for production of evidence relating to any electronic or other surveillance.

With regard to the electronic or other surveillance, the Commonwealth is directed to inquire of any law enforcement agency it has reason to believe was involved in any investigation of the Defendant as to the existence of any wiretap or other electronic surveillance of or involving the Defendant. Defense counsel shall be advised of the existence of such surveillance.

As to the Bill of Particulars' request for "the facts upon which the Commonwealth intends to rely in seeking the death penalty," the objection of the Commonwealth is well taken. The indictment plainly states the offense and gives notice to the Defendant of the nature of the charge against him. The information sought is inappropriate to a bill of particulars. The bill also requests the names of "any other people indicted or unindicted who the Commonwealth contends were involved in the commission of this offense." This request will likewise be denied.

In Defendant's Request for Discovery and Inspection he seeks the identities of all witnesses the Commonwealth

intends to call; the identities of "all persons" who gave statements to the police; and the providing of the written statements of all witnesses two weeks before the trial. The Commonwealth's objection to the request for all persons who gave statements to the police is sustained and that request is denied. The Court will direct that any written or recorded statement, adopted or signed by any witness, be furnished to the Defendant five days before trial. Such statements are to include any summary of an oral statement which has been signed by or adopted by the witness.

As to the names of witnesses to be called by the Commonwealth, it has long been the policy of this Court to encourage and even to require such disclosure absent extenuating circumstances. The impact of this ruling on the Commonwealth is minimized by Section 19.2-267 of the Virginia Code requiring the filing by the Commonwealth of a list of its summonsed witnesses. The Commonwealth seeks to condition disclosure on an order of this Court requiring disclosure of defense witnesses. This Court has ruled in the past that a conditional disclosure could be ordered in an appropriate case. No showing has been made by the Commonwealth that this is such a case, nor has any showing been made that this case comes within the exception to the general policy of this Court requiring disclosure. Therefore, Defendant's Motion to Disclose the Commonwealth's Witnesses is granted.

The Defendant's Motion for Exculpatory Evidence will be granted over the Commonwealth's objection to 6(a)-(e). Defendant has particularized the general request by asking for evidence of specific types of motives on the part of others to commit this offense. Insofar as the Commonwealth has information about each category that may give rise to a motive for commission of the offense, it shall disclose it.

## February 25, 1988

With regard to tape recorded conversations of witnesses in this case, they should be handled the same as any other statement. If they were adopted in any fashion, reduced to writing and approved or adopted, or if there is a dispute as to the accuracy of the transcripts, the tapes must be made available to defense counsel.